**FILED**
Samuel L. Kay, Clerk
United States Bankruptcy Court
Savannah, Georgia
*By nventura at 2:42 pm, Jan 09, 2008*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Waycross Division

| | |
|---|---|
| IN RE: LARRY R. SPEARS SR.    )<br>                                                    )<br>        Debtor                            )<br>_____)<br>                                                    )<br>GEORGIA DEPARTMENT OF        )<br>HUMAN RESOURCES               )<br>OFFICE OF CHILD SUPPORT     )<br>SERVICES                               )<br>                                                    )<br>        Creditor/Movant               )<br>                                                    )<br>vs.                                              )<br>                                                    )<br>LARRY R. SPEARS SR.            )<br>                                                    )<br>        Debtor/Respondent         )<br>                                                    )<br>and                                           )<br>                                                    )<br>M. ELAINA MASSEY              )<br>                                                    )<br>        Chapter 13 Trustee        ) | CHAPTER 13 CASE<br>NUMBER 05-51039 |

### MEMORANDUM OPINION AND ORDER

This matter is before me on the Motion for Relief from the Automatic Stay ("Motion") by the Georgia Department of Human Resources Office of Child Support Services ("Child Support Services") and, filed in response, a second Objection to Proof of Claim ("Objection") by Debtor Larry R. Spears Sr. to Child

Support Service's proof of claim ("Claim"). This matter is core under 28 U.S.C. § 157(b)(2)(B).

The Motion was filed as a result of Spears's non-compliance with a Consent Contempt Order ("Consent Order")[1] under which Spears agreed to make monthly payments to Child Support Services for child support arrears. The money Spears still owes under the Consent Order (the "Debt") is the basis of the Claim, the Motion, and the Objection, which requests an order classifying the Claim as general unsecured under the Debtor's plan ("Plan").

The Motion for stay relief is denied. The Objection is sustained in part and denied in part. Further, I note that instead of attempting to modify the Plan indirectly through the claims objection process, Spears should simply have modified the Plan.

### Background

Spears filed this chapter 13 case on June 28, 2005.[2] Before the Plan was confirmed, Child Support Services timely

---

[1] Ga. Dep't of Human Res. ex rel. Spears v. Spears, No. 84V-220 (Super. Ct. Ware County, Ga. Jan. 6, 2003).

[2] The parties agree that the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") does not apply in this case. With certain

✎AO 72A
(Rev. 8/82)

2

filed a proof of claim for an unsecured priority claim of $13,991.05, designating "child support" as the basis. (Proof of Claim # 21.)

In May 2006, approximately three months post-confirmation, Spears objected to the Claim (Dkt. # 35). Although that objection is not at issue here, it is relevant to the Motion, as explained in the Discussion section below. The May 2006 objection stated that Spears wanted to continue direct payment of the Debt in accord with the Consent Order and requested an order listing the Claim as contingent. Child Support Services did not respond to the objection as required in this Court's notice, and by default order entered on July 3, 2006, the Claim was listed as contingent (Dkt. # 36). Spears did not object to the classification of the Claim, which thus remained priority unsecured, although contingent, following entry of the order.

More than eight months passed, during which time Spears apparently did not comply with the Consent Order, and on March 27, 2007, Child Support Services filed the Motion seeking stay relief in order to pursue its state court remedies. Subsequently, Spears filed the Objection (Dkt. # 41) that is pending before me now.

---

exceptions not relevant here, BAPCPA applies only to cases filed after October 17, 2005. See BAPCPA, Pub. L. No. 109-8, 119 Stat. 23, § 1501 (2005).

At hearing on the Objection, Child Support Services conceded its position as to both the amount and the priority of the Claim. Child Support Services acknowledged that the Claim should have totaled only $7,827.97. (Hr'g Tr. 24:17-21, July 25, 2007.) Testimony by a witness for Child Support Services established that $32.50 of this amount was owed to Spears's former wife (the "Custodial Parent"). (Id. 20:10-15.) The $7,795.47 balance of the Claim was owed to the state, including $2,727.08 as reimbursement for public assistance payments made to the Custodial Parent (Id. 19:22-20:10) and $5,068.39 as interest (Id. 20:18-22). Following this testimony, Child Support Services agreed that all of the Claim should be classified as general unsecured except the $32.50 owed to the Custodial Parent. (Id. 25:5-11.) At the conclusion of the hearing, with both parties in apparent agreement as to the amount and proper classification of the Claim, I expressed an intention to issue an order sustaining the objection and including the findings above as to the total amount of the Claim and the amounts owed respectively to the Custodial Parent and to the state.

The Motion was originally set for the same date as the Objection, but was continued. At the conclusion of the continued hearing, I took the Motion under advisement and asked the parties

to brief the question of whether the automatic stay applies, and if so, to what extent. In addition, because Child Support Services now re-asserted that the entire Claim was entitled to priority, I asked the parties to brief the proper classification of the Claim for a ruling on the Objection.

### Discussion

I leave undisturbed my findings that the Claim totals $7,827.97 and that of that amount, $32.50 is owed to the Custodial Parent, $2,727.08 is owed to the state as reimbursement for public assistance to the Custodial Parent, and $5,068.39 is owed to the state as interest. Consequently, I here address only the merits of the Objection and of the Motion.

### I. Objection to Claim

Under the pre-BAPCPA version of the Bankruptcy Code, a child support debt is entitled to priority to the extent it is owed to the debtor's spouse, former spouse, or child; and not entitled to priority to the extent it is assigned to another entity. See 11 U.S.C. § 507(a)(7)(A).[3]

---

[3] All citations to Title 11 are to the Bankruptcy Code as codified before amendment by BAPCPA.

Here, only \$32.50 of the Claim is owed to the Custodial Parent. Accordingly, only \$32.50 of the Claim is entitled to priority and is allowed as priority unsecured.

The remaining \$7,795.47 of the Claim is owed to Child Support Services. It is undisputed that an assignment to Child Support Services occurred by operation of state law when the Custodial Parent accepted public assistance. See Ga. Code Ann. § 19-11-6(a) ("By accepting public assistance for or on behalf of a child or children . . . the recipient shall be deemed to have made an assignment to the department of the right to any child support owed for the child."). Because \$7,795.47 is owed by assignment, this portion of the Claim is not entitled to priority. See Sys. & Servs. Techs. Inc. v. Jordan (In re Jordan), No. 99-11854, 2000 WL 33943202 (Bankr. S.D. Ga. Sept. 27, 2000). Accordingly, \$7,795.47 of the Claim, both principle and interest, is allowed as general unsecured.

## II. Motion for Relief from Stay

Before reaching the merits of the Motion, I first address the preliminary issue of the May 2006 objection, which the Debtor filed in lieu of modification to the Plan. It is procedurally improper to attempt a plan modification through an

objection to claim. If Spears wanted to pay the Claim direct under the terms of the Consent Order, he should have filed a post-confirmation modification of Plan providing for direct payment. Moreover, the objection to claim that Spears filed instead did not accomplish what Spears apparently intended.

The order listing the Claim as "contingent" did not modify the Plan to provide for direct payment of the Claim, regardless of the fact that Spears proceeded as if it had. Rather, by designating the Claim as "contingent," the order provided that Spears would be required to pay the Claim "only upon the occurrence or happening of an extrinsic event." See In re All Media Props., Inc., 5 B.R. 126, 133 (Bankr. S.D. Tex. 1980). The extrinsic event that triggered the change in status of the Claim was Spears's failure to comply with the Consent Order, prompting Child Support Services to move for stay relief.

Stay relief is not warranted, however. Because the Claim is no longer contingent as a result of Spears's non-compliance with the Consent Order, the Trustee must disburse any required payments. See § 1326(a)(2) ("[T]he trustee shall distribute any such payment in accordance with the plan . . . ."). Further, the Claim must be treated according to the

classification set out in the Order below. No further plan modification is necessary.

### Conclusion

It is therefore ORDERED that the Objection to Claim is SUSTAINED IN PART and DENIED IN PART;

FURTHER ORDERED that the Claim of Child Support Services is allowed in the total amount of $7,827.97;

FURTHER ORDERED that $32.50 of the Claim is allowed as priority unsecured and the balance of $7,795.47 is allowed as general unsecured;

FURTHER ORDERED that the Motion for Relief from Stay is DENIED; and

FURTHER ORDERED that the Trustee disburse payments according to the terms of this Order in accord with the confirmed Plan.

John S. Dalis
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
this ___ day of January, 2008.

AO 72A
(Rev. 8/82)